UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARNOLD KUERBITZ,

    Plaintiff,                    Civil Action No. 16-12736
                                 Honorable Terence G. Berg
v.                             Magistrate Judge Elizabeth A. Stafford

ANDREW E. MEISNER, *et al.*

    Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANTS' MOTION TO DISMISS [ECF No. 12], TO DENY PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION [ECF No. 3, AND TO DENY PLAINTIFF'S MOTION FOR OBJECTIONS AND TO STRIKE [ECF No. 17].**

**I.    INTRODUCTION**

Plaintiff Arnold Kuerbitz, proceeding *pro se*, brings this action against Oakland County Treasurer Andrew Meisner and his officer William Mann; Oakland County Sheriff Michael Bouchard and unknown deputies; and Oakland County Treasurer's Office employee Wandrie William for claims arising out of the foreclosure of his property, under "42 U.S.C. 1981, 1983, 1985, 1986 et seq; Federal False Claims Act, Federal Common Law, and/or any/all other applicable Federal Statutes," [ECF No. 1, PageID 13]. Defendants filed a motion to dismiss pursuant to Federal Rules of Civil

1

Procedure 12(b)(1) and 12(b)(6). [ECF No. 12]. Kuerbitz responded with a "motion for objection and to strike" defendants' motion, asking the Court to grant him declaratory and injunctive relief, and to order a jury trial, which mirrors his earlier filed motion for preliminary injunction. [ECF Nos. 3, 17].

After reviewing the motions and construing the complaint in the light most favorable to the plaintiff, the Court **RECOMMENDS** that defendants' motion to dismiss be **GRANTED IN PART AND DENIED IN PART,** and that Kuerbitz's motions be **DENIED**.

## II.   BACKGROUND

Kuerbitz claims that Meisner and Mann filed a fraudulent complaint against him in June 2015 without serving him, causing the foreclosure of his property based on a tax delinquency. [ECF No. 1, PageID 3, 5]. He alleges that the delinquency should not have been entered because he had established that he was totally disabled, that he was a senior citizen and that he lived below the federal poverty guidelines, and that he was thus exempt from taxes. [*Id.*, PageID 4]. He also alleges that defendants entered into an unlawful tax agreement with him that required him to pay $200 per month, and that Meisner and others later fraudulently altered the agreement outside of his presence to require him to pay $700 per month. [*Id.*, PageID 3-4].

Kuerbitz also claims that Bouchard, William, and unknown sheriff's deputies prevented him from entering the public foreclosure auction to object to the unlawful auction of his property, in violation of the First and Fourteenth Amendments. [ECF No. 1, PageID 8-9]. He adds that all defendants are liable for the above actions and for conspiring to violate his constitutional rights, generally. [*Id.*]. Kuerbitz requests monetary damages and injunctive relief to (among other things) stop the sale of his property. [*Id.*, Tr. 12-15].

## III.    ANALYSIS

### A.

When subject matter jurisdiction is challenged under Rule 12(b)(1), it is the plaintiff's burden to show that the Court has jurisdiction. *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). If the motion attacks the claim of jurisdiction on its face, the plaintiff's factual allegations must be considered as true. *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). In contrast, the Court must weigh the evidence if the motion attacks the factual basis for jurisdiction. *Id.* When weighing the evidence during a factual challenge to subject matter jurisdiction, the Court is "free to…satisfy itself as to the existence of its power to hear the case." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).

A motion to dismiss pursuant to Rule 12(b)(6) tests a complaint's legal sufficiency. Although the federal rules only require that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief," see Rule 8(a)(2), the statement of the claim must be plausible. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). As the *Iqbal* Court explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In deciding whether a plaintiff has set forth a "plausible" claim, the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). Pleadings filed by *pro se* litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers. *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). Nonetheless, such complaints still must plead a plausible claim for relief. *Davis v. Prison Health Services*, 679 F.3d 433, 437–38 (6th Cir. 2012).

**B.**

Defendants assert that Kuerbitz's claims are barred by the *Rooker-Feldman* doctrine,[1] the Tax Injunction Act (28 U.S.C. § 1341), and the doctrine of comity. *Anderson v. Cty. of Wayne*, No. 10-13708, 2011 WL 2470467 (E.D. Mich. June 20, 2011), is instructive on all points. In *Anderson*, a group of plaintiffs brought suit to fight tax foreclosures on a number of properties, contending that they were not given the opportunity to enter into payment plans with the Treasurer's Office in the course of the state court foreclosure proceedings. *Id.* at *3. But after noting that the plaintiffs had a full and fair opportunity to litigate the issues surrounding their foreclosed properties in state court, the court found that their claims were barred by the *Rooker-Feldman* doctrine and res judicata. *Id.* at *4-*7. "Pursuant to the *Rooker-Feldman* doctrine, 'lower federal courts lack subject matter jurisdiction to review the decisions of state courts." *Id.* (quoting *Givens v. Homecomings Financial,* 278 F. App'x 607, 608–09 (6th Cir. 2008). Because it was clear that the plaintiffs' complaint was an effort to reverse the state court judgment, the *Rooker-Feldman* doctrine applied. *Id.* at *4. And res judicata applied inasmuch as the plaintiffs could have

---

[1] The *Rooker-Feldman* doctrine is derived from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

5

raised their claims in the state court actions. *Anderson,* 2011 WL 2470467 at *6 (citing *Luckett v. U.S. Bank Nat'l Ass'n,* No. 08–14285, 2009 WL 22858, at *3–4 (E.D.Mich. Jan.5, 2009) ("Michigan has adopted a broad application of the doctrine of res judicata which bars not only claims actually litigated in the prior action, but all claims arising out of the same transaction that the parties, exercising reasonable diligence, could have raised in the prior action but did not.")).

The same analysis applies here. Kuerbitz argued before the state court that he was not required to pay property taxes due to certain exemptions, but a judgment of foreclosure was entered against him on February 3, 2016. [ECF No. 13-3, PageID 102].[2] In his complaint here, Kuerbitz is effectively asking this Court to reverse the state court judgment against him and to prevent the sale by foreclosure of his property. The *Rooker-Felder* doctrine applies, and this Court lacks subject matter jurisdiction to consider that claim. *Anderson,* 2011 WL 2470467 at *4-*5. And because Kuerbitz's claims here that challenge the validity of the foreclose proceeding were or could have been raised in the state court action, res judicata applies. *Id.* at *6.

---

[2] It should be noted that Judge Nanci J. Grant found that "those parties entitled to notice and an opportunity to be heard have been provided" notice of the foreclosure hearing. [ECF No. 13-4, PageID 105].

The *Anderson* court also found that dismissal was required under the Tax Injunction Act ("TIA") and the related doctrine of comity. *Id.* at *6-*7. The TIA states that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. "The Sixth Circuit has held that the TIA bars claims challenging the manner in which tax foreclosures are carried out." *Anderson,* 2011 WL 2470467 at *7 (citing *Dixon v. Oisten*, 62 F. App'x 105, 105 (6th Cir. 2003); *Johnson v. Mich. Dep't of Treasury*, No. 99–1730, 2000 WL 571916, at *2 (6th Cir. May 4, 2000)). Importantly, the TIA and its policy of comity bar actions for injunctions, declaratory judgments or damages under Section 1983, and this jurisdictional bar applies equally to constitutional claims. *Thiokol Corp. v. Mich. Dep't of Treasury,* 987 F.2d 376, 378 (6th Cir. 1993); *Pegross v. Oakland Cty. Treasurer*, 592 F. App'x 380, 381 (6th Cir. 2014).

Hence, this Court lacks jurisdiction to consider Kuerbitz's challenges to the tax foreclosure proceeding and related allegations.

## C.

Kuerbitz's allegations of civil conspiracy and fraud should also be dismissed. To sustain a cause of action for conspiracy,

> [T]he plaintiff must allege that the defendants (1) conspired together, (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws, (3) and committed an act in furtherance of the conspiracy, (4) which caused injury to person or property, or a deprivation of any right or privilege of a citizen of the United States, and (5) and that the conspiracy was motivated by racial, or other class-based, invidiously discriminatory animus.

*Bass v. Robinson*, 167 F.3d 1041, 1050 (6th Cir. 1999) (citing *Griffin v. Breckenridge,* 403 U.S. 88, 102–03 (1971)). "It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987). Kuerbitz alleges that defendants conspired to violate his constitutional rights by not allowing him, a disabled person, into the public auction of his property, while nondisabled people were allowed into the auction. [ECF No. 1, PageID 9-10]. This allegation is not supported by material facts, including any specific actions that were taken in furtherance of the conspiracy, or any factual support to show that the decision to not allow him in the auction was motivated by his disability. He has not stated a civil conspiracy claim.

Kuerbitz's fraud claim is also insufficient, and it is barred by res judicata. Where a complaint alleges fraud or mistake, the heightened pleading requirement of Federal Rule of Civil Procedure 9(b) applies and requires that the plaintiff "state with particularity the circumstances constituting fraud or mistake." *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 563 (6th Cir. 2003). To satisfy this particularity requirement, the Sixth Circuit requires that the complaint: (1) specify the time, place, and content of the statements that plaintiff contends were fraudulent; (2) identify the speaker; (3) explain why the statements were fraudulent; (4) allege the fraudulent scheme and intent of the defendants; and (5) allege the injury resulting from the fraud. *See Frank v. Dana Corp.*, 547 F.3d 564, 569-70 (6th Cir. 2008); *Yuhasz*, 341 F.3d at 563.

Kuerbitz alleges that he entered into a redemption agreement to make monthly payments of $200, and that this agreement was later fraudulently altered to increase his monthly payment to $700, which he could not afford. [ECF No. 1, PageID 4-7, 16]. He also alleges that Mann falsely represented this as the actual agreement to the state circuit court judge in a proceeding. [*Id.*]. These allegations do not meet the particularity requirement; Kuerbitz does not set forth the fraudulent scheme, the intent of the defendants or the injury he suffered. It is specifically unclear how the

9

alleged misrepresentation that he agreed to pay $700 per month impacted the proceedings. Neither the petition for foreclosure nor the judgment of foreclosure reference the alleged agreement to allow Kuerbitz to make monthly payments; they refer to only the total delinquent taxes, interest, penalties and fees. [ECF No. 13-1, PageID 96-98; ECF No. 13-4, PageID 104-07]. And to the extent that Judge Grant was required to consider the alleged agreement that Kuerbitz agree to pay $700 monthly installments, his defense that the purported agreement was fraudulent was or should have been adjudicated before Judge Grant, and res judicata applies. *Anderson,* 2011 WL 2470467 at *6.

### D.

Defendants did not move to dismiss Kuerbitz's claim that his First and Fourteenth Amendment rights were violated when Bouchard, William, and the unknown Oakland County sheriff's deputies prevented him from entering the public foreclosure auction of his property in order to lawfully object to it. [ECF No. 1, PageID 8-10]. Their motion does not address whether a public foreclosure auction is a public forum to which the First Amendment guarantees access. *See Helms v. Zubaty*, 495 F.3d 252, 255 (6th Cir. 2007) ("We have recognized that the First Amendment does not guarantee access to property simply because it is owned or controlled by

the government.") (citations and internal quotation marks omitted). Notably, in *Anderson*, the court identified participation in the public auctions at which their homes were sold as a remedy available under state law to the plaintiffs. *Anderson*, 2011 WL 2470467, at *7. Kuerbitz's claim that he was unlawfully deprived of the right to attend the auction may prove to be legally or factually without merit, but it is not frivolous claim on its face and should survive defendants' motion to dismiss.

### E.

Kuerbitz has also filed a motion for preliminary injunction against the defendants, seeking to prohibit the sale of his property and to prevent retaliation, false charges, and assault. [ECF No. 3]. His more recently filed motion for objections and to strike also seeks a preliminary injunction to prevent the sale of his property, and injunctive and declaratory relief to prevent further discriminatory, retaliatory, harassing, coercive or intimidating conduct. [ECF No. 17]. The Court must weigh four factors to determine whether injunctive relief is warranted: (1) whether the plaintiff has a strong likelihood of success on the merits; (2) whether the plaintiff would suffer irreparable harm without the requested relief; (3) whether issuance of the temporary restraining order or preliminary injunction would cause substantial harm to others; and (4) whether the requested relief

would serve the public interest. *Tumblebus Inc. v. Cranmer*, 399 F.3d 754, 760 (6th Cir. 2005). As outlined above, Kuerbitz's claims for an injunction of the sale have no likelihood of success on the merits. His other requests for injunctive relief are not based on the complaint's allegations, and are too vaguely presented to demonstrate a likelihood of success on the merits.

Because declaratory relief is a vehicle to vindicate substantive rights, Kuerbitz must first demonstrate a meritorious substantive claim. *Int'l Ass'n of Machinists & Aerospace Workers v. Tennessee Valley Auth.,* 108 F.3d 658, 668 (6th Cir. 1997). For the reasons stated above, his claims arising out of the foreclosure of his property are barred, and thus declaratory relief is unavailable. *Id.* (declaratory relief unavailable because direct claim was time barred). And although the Court is recommending that Kuerbitz's claim that he was denied access to the public auction survive defendants' motion to dismiss, he has not yet shown that that claim is legally or factually sustainable. His claim for declaratory relief should therefore be denied.

## IV. CONCLUSION

For the foregoing reasons **RECOMMENDS GRANTING IN PART AND DENYING IN PART** defendants' motion to dismiss [ECF No. 12], **DENYING** Kuerbitz's motion for preliminary injunction and for objection

[ECF Nos. 3, 17], and **DISMISSING** all of Kuerbitz's claims except those against Sheriff Michael Bouchard, Wandrie William, and unknown Oakland County Sheriff's Deputies related to his denial of entry to the public foreclosure auction.

s/Elizabeth A. Stafford<br>ELIZABETH A. STAFFORD<br>United States Magistrate Judge

Dated: February 1, 2017

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 1, 2017.

                                          s/Marlena Williams
                                          MARLENA WILLIAMS
                                          Case Manager