UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARNOLD KUERBITZ,

    Plaintiff,                    Civil Action No. 16-12736
                                    Honorable Terence G. Berg
v.                            Magistrate Judge Elizabeth A. Stafford

ANDREW E. MEISNER, *et al*.

    Defendants.
_____/

**REPORT AND RECOMMENDATION TO DENY DEFENDANTS'
SECOND MOTION TO DISMISS [ECF NO. 26], AND TO
DENY PLAINTIFF'S MOTIONS FOR RELIEF FROM JUDGMENT AND
TO PROHIBIT EX PARTE COMMUNICATIONS [ECF NOS. 29, 31].**

**I.    Introduction**

Plaintiff Arnold Kuerbitz, proceeding *pro se*, brings this action against officials associated with Oakland County arising out of the foreclosure of his property. [ECF No. 1]. In February 2017, this Court filed a report and recommendation (R&R) that defendants' initial motion to dismiss be granted in part and denied in part, leaving only the claim against Sheriff Michael Bouchard, Wandrie William and unknown Oakland County Sheriff's Deputies related to his denial of entry to a public foreclosure. [ECF No. 25]. The R&R also recommended that Kuerbitz's motions for objections, to strike defendants' motion to dismiss and for preliminary injunction be

1

denied.  [*Id.*].  The Honorable Terrence G. Berg adopted the R&R.  [ECF No. 27].

Now pending before the Court are defendants' second motion to dismiss, and plaintiff's "Proffered Memorandum Contra of Law, Motion for Relief from Judgement [*sic*], Objection, and/or Strike Defendant Oakland Co Corporate Counsel Second Motion to Dismiss," and a "Motion to Prohibit Ex Parte Communications and Demand for Due Process Hearing Concerning Cover-Up Fraud Upon the Court, Discrimination and Widespread Co Tax Fraud."  [ECF No. 26, 29, 31].  For the reasons that follow, these motions should be denied.

**II.    Analysis**

**A.**

Kuerbitz's complaint states that his First and Fourteenth Amendment rights were violated when Bouchard, William, and the unknown Oakland County sheriff's deputies prevented him from entering the public foreclosure auction of his property in order to lawfully object to it. [ECF No. 1, PageID 8-10].  Defendants' initial motion to dismiss did not address whether the public auction was a forum to which the First Amendment guarantees access, and the R&R pertaining to that motion recommended against dismissal of that claim.  [ECF No. 25, PageID 223-34].  Defendants

thus filed their second motion to dismiss.

In the present motion, defendants cite Kuerbitz's response to their initial motion to dismiss to describe Kuerbitz as claiming that he was denied an opportunity to enter the auction in order to conduct a citizen's arrest. [ECF No. 26, PageID 242, citing ECF No. 17, PageID 164-65]. But on the cited pages, Kuerbitz also stated an intention to object to the auction, and that was the intention he set forth in his complaint. [ECF No. 1, PageID 8]. Since Kuerbitz could not amend his complaint in a responsive motion, *Jocham v. Tuscola County*, 239 F.Supp.2d 714, 732 (E.D. Mich. 2003), the intention set forth in his complaint is the one that controls. So the question at hand is whether Kuerbitz has stated a plausible claim that his First Amendment rights were violated when he was denied entry into the auction in order to object to it.

A motion to dismiss pursuant to Rule 12(b)(6) tests a complaint's legal sufficiency. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). As the *Iqbal* Court explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id.*

In deciding whether a plaintiff has set forth a "plausible" claim, the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). Pleadings filed by *pro se* litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers. *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). Nonetheless, such complaints still must plead a plausible claim for relief. *Davis v. Prison Health Services*, 679 F.3d 433, 437–38 (6th Cir. 2012).

**B.**

Defendants correctly state the test that must be followed for determining whether a free speech violation has occurred:

> First, we must decide whether [Kuerbitz's] speech is protected under the First Amendment. Second, we must identify the nature of the forum, because the extent to which the Government may limit access depends on whether the forum is public or nonpublic. Last, we must determine if the City's reasons for prohibiting [Kuerbitz's] speech satisfy the appropriate standard.

*Parks v. City of Columbus*, 395 F.3d 643, 647 (6th Cir. 2005) (citation and quotation marks omitted).

Arguing that Kuerbitz's has not stated a claim, defendants assert that

4

his threat to effectuate an unlawful arrest does not constitute free speech. They argue that "words and actions that incite violence and create a present danger are not protected speech."[1] [ECF No. 26, PageID 243]. Defendants specify that threats were made specifically against the Oakland County Treasurer and his attorney. But Kuerbitz did not allege in his complaint that he intended to conduct a citizen's arrest, and there is no factual basis for the claim that he intended to incite violence or threaten anyone.

Defendants next argue that a public auction is not a public forum during which free speech is guaranteed, citing in support *Toussie v. Cty. of Suffolk*, 806 F. Supp. 2d 558, 583–84 (E.D.N.Y. 2011). However, what the *Toussie* court actually stated was this: "Although participating in an auction is not 'speech' in the traditional sense, some forms of expressive or symbolic conduct fall within the ambit of the First Amendment." *Id.* at 583, (citing *Rumsfeld v. Forum for Academic & Instit. Rights, Inc.*, 547 U.S. 47, 66 (2006)). The court thus considered whether the plaintiffs' participation in the auction was "'inseparably intertwined with a particular message.'" *Id.*, (quoting *Young v. N.Y.C. Transit Auth.*, 903 F.2d 146, 153 (2d Cir.1990)).

---

[1] Defendants cite in support *City of Houston v. Hill,* 482 U.S. 451, 461(1987), and *Chaplinsky v. New Hampshire*, 315 U.S. 568, 572 (1942).

5

The plaintiffs in *Toussie* failed "to assert that their participation in the auction conveyed *any* message," much less a particularized message. *Id.* Since the activity at issue did not involve constitutionally-protected expressive conduct, it was irrelevant whether the auction was a public forum, and summary judgment was entered in favor of the defendants. *Id.* at 584.

Here, Kuerbitz alleges in his complaint that he was prohibited from entering the auction in order to object to its lawfulness; he had a particular message that he wished to convey. *Toussie* is thus distinguishable.

Defendants further contend that public auctions are "limited public forums," meaning that Kuerbitz did not have an unfettered right to protest the sale of the property, and that defendants had a right to restrict access. They cite M.C.L. § 211.78m as indicating that the auction is "clearly a limited forum because it was reserved for a certain group of individuals (i.e., prospective purchases) to bid on foreclosed properties." [ECF No. 26, PageID 249]. But defendants point to no language within Section 211.78m that limited attendance at the auction to prospective buyers and the Court could find none. And in *Anderson v. Cty. of Wayne*, No. 10-13708, 2011 WL 2470467, at *7 (E.D. Mich. June 20, 2011), the court stated that, under Michigan law, the plaintiffs whose homes were foreclosed could participate

6

in public auctions.

It is true that the government may impose reasonable and viewpoint neutral restrictions on speech in limited public forums. *Good News Club v. Milford*, 533 U.S. 98, 106 (2001). Defendants argue that their exclusion of Kuerbitz from the auction was reasonable and viewpoint neutral because his conduct would have disrupted the auction and posed an immediate threat of harm. [ECF No. 26, PageID 250]. But Kuerbitz's complaint did not allege an intent to disrupt the auction or threaten harm, only an intent to protest what he viewed as an illegal auction. [ECF No. 1, PageID 8-10].

It bears repeating that defendants' motion is one to dismiss, which requires the Court to construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). Defendants' motion attempts to inject factual allegations that would require review of evidence outside of Kuerbitz's complaint. The posture of this case stands in contrast to opinions upon which defendants' rely, in which the courts were deciding motions for summary judgment with established factual underpinnings. *See, e.g., Toussie*, 806 F. Supp. 2d at 567-71 (E.D.N.Y. 2011); *Church v. Lansing Hous. Comm'n*, No. 1:15-CV-1059, 2017 WL 512698, at *1-*3 (W.D. Mich. Feb. 8, 2017). The evidence

7

may demonstrate that Kuerbitz's complaint is without merit, but Kuerbitz's claim that he was wrongly denied entry into the public auction in order to lodge his objection is plausible on its face, and defendants' second motion to dismiss should be denied.

## C.

Kuerbitz's pending motions are essentially motions for reconsideration of Judge Berg's order granting in part and denying in part defendants' initial motion to dismiss, and denying Kuerbitz's motion for objections and motion to strike defendants' motion to dismiss.  [ECF No. 27, 29, 31].  In his "Memorandum Contra of Law" he requests relief from judgment under Federal Rule of Civil Procedure 60(b), repeating arguments he made previously.  [ECF No. 29].  The same is true for his other pending motion, which essentially requests a due process hearing on issues that were already dismissed.  [ECF No. 31].  Kuerbitz addresses his claim that he was wrongly excluded from the auction, but while the Court recommends not dismissing that claim, Kuerbitz sets forth no new grounds for affirmative relief on that issue.

In asking the Court to reconsider its order granting in part defendants' motion to dismiss, Kuerbitz was required to demonstrate "a palpable defect by which the Court and the parties and other persons entitled to be heard

on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h).  He has failed to do so, and his motions should be denied.

### III.  Conclusion

For the foregoing reasons, defendants' second motion to dismiss and Kuerbitz's pending motions **[ECF No. 26, 29, 31]** should all be **DENIED.**

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: April 25, 2017

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers*

*Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 25, 2017.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager
